IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER UVALLE, <br> TDCJ #625717, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2646 |
| KELLY WEEKS, | § § § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

The plaintiff, Roger Uvalle, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Uvalle proceeds *pro se* and he has not paid the filing fee. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.   BACKGROUND

Uvalle is currently in custody at TDCJ's Wynne Unit in Huntsville, Texas. Uvalle sues Kelly Weeks, who reportedly works as an Assistant District Attorney for Walker County, Texas. According to Uvalle, Weeks prosecuted him previously for an undisclosed offense in cause number 20,472.

Uvalle complains about an incident that occurred at the Wynne Unit on May 3, 2000. He claims that Weeks visited him at the Wynne Unit on that date and made remarks that Uvalle characterizes as "attorney misconduct." In addition, Uvalle also complains that Weeks incorrectly informed another inmate that Uvalle would be testifying for the State in a case against that inmate.

Uvalle complains that Weeks' comments placed his life in danger from other inmates identified by surname only as Quintero, O'Brian, and Lujan.

Uvalle accuses Weeks of harassment, retaliation, "legal malpractice," and misconduct. Uvalle seeks an order disbarring Weeks from the practice of law. Weeks also wants a new trial in cause number 20,472 and a transfer from the Wynne Unit to another facility. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.*; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to

review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III. DISCUSSION

### A. Limitations

Uvalle's complaint concerning Weeks fails because his claims are untimely. Uvalle's complaint references an incident that occurred, if at all, over five ago on May 3, 2000. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the above-referenced claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

According to pleadings filed by Uvalle, he was aware of the facts surrounding his claim against Weeks no later than May 3, 2000.[1] Uvalle's complaint was signed on July 26, 2005, which is well outside the two-year limitations period for the allegations which form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject

---

[1] The Court takes judicial notice of a more detailed account of these claims made by Uvalle in another case in this district, which show that he was aware of the alleged misconduct on May 3, 2000. *See Uvalle v. Baggett, et al.*, Civil Action No. H-05-2644 (S.D. Tex.) (Complaint).

to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because Uvalle waited more than two years to file suit from the time these claims accrued, the above-referenced claims are subject to dismissal as frivolous.  *See Gartell*, 981 F.2d at 256.

### B. Malicious Claims

Alternatively, a review of the complaint submitted in this case shows that Uvalle's claims against Weeks are nearly identical to those raised in at least one other action filed Uvalle in this district.  *See Uvalle v. Baggett, et al.,* Civil Action No. H-05-2644 (S.D. Tex.).  The complaint filed in that case contains nearly the same allegations against Weeks regarding the May 3, 2000 incident.  A complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another pending federal lawsuit by the same plaintiff.  *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam).  Because Uvalle's claims mimic those raised in another civil rights case brought by him within this district, maintenance of the instant action would be redundant and an impermissible waste of judicial resources.  *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990).  Therefore, the Court concludes that his complaint is subject to dismissal as malicious.  *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte* under the PLRA).

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Roger Uvalle (TDCJ #625717) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

2. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and malicious.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on the 16th day of August, 2005.

Nancy F. Atlas
United States District Judge